## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CORBIN DELONNE JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01121-JPG** |
| | ) | |
| **NEILL MOONEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Corbin Jones is a resident of Mount Vernon, Illinois.  He filed this *pro se* civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, for alleged violations of his federal rights that occurred in connection with his arrest by local officers on an undisclosed date.  (Doc. 7).  The Complaint includes no request for relief.  (*Id.*).

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") without prepayment of the filing fee for this action.  (Doc. 2).  He is not a "prisoner" within the meaning of that term in 28 U.S.C. § 1915(h).  Even so, Congress has authorized federal district courts to grant an indigent plaintiff permission to proceed without prepayment of fees, if the applicant demonstrates that he is indigent and unable to afford the filing fees.  28 U.S.C. § 1915(a)(1).

Plaintiff has submitted an IFP application that supports his request for indigent status under Section 1915(a)(1).  In it, Plaintiff states that he is unemployed and receiving disability payments. (Doc. 2).  He has no assets, beyond $1.83 in his bank account.  (*Id.*).  Given this, the Court finds that paying the $402.00 filing and docketing fee presents a significant hardship.

The district court must nevertheless deny an otherwise qualified plaintiff leave to proceed IFP and dismiss a complaint, if the allegation of poverty is untrue, the action is frivolous or

1

malicious, the complaint fails to state a claim upon which relief can be granted, or the action seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When considering the claims in a *pro se* complaint, the factual allegations must be liberally construed in favor of the plaintiff.  *Rodriguez v. Plymouth Amb. Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Because the Complaint fails to state any claim for relief, Plaintiff's IFP Motion must be denied and the Complaint dismissed.

Plaintiff names a single defendant in the signed Complaint (Doc. 7): Neill Mooney. Mooney is a police officer at the Mount Vernon Police Department.  (*Id*. at 1).  Plaintiff blames Mooney for inaccuracies contained in a police report detailing his arrest on an undisclosed date. (*Id*. at 5-6).  Plaintiff claims that he was subjected to excessive force by Officer Greenwood, while four other officers stood and watched.  (*Id*.).  The police report allegedly states that the officers remained at the bottom of the stairs when arresting Plaintiff, but they actually forced their way up the stairs.  (*Id*.).

These allegations state no claim for relief against Officer Mooney under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80.  The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  Plaintiff did not name the United States as a defendant or bring this action for the wrongful conduct of a federal official.

Even if construed liberally as a civil rights action brought pursuant to 42 U.S.C. § 1983, the Complaint still articulates no claim for relief against the officer.  The allegations merely suggest that Mooney played some role in preparing an incident report following Plaintiff's arrest on an undisclosed date. These allegations are threadbare and state no claim for a constitutional violation

2

against the individual officer.  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff's allegations do not nudge any claims against Mooney from the realm of possible to "plausible." *Id*.

Even under the liberal pleading standards applied to *pro se* complaints, the Court finds no basis for allowing Plaintiff to proceed with any claims in this case.  The Complaint does not survive screening under Section 1915(e)(2).  Therefore, Plaintiff's IFP application shall be denied.

## Disposition

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**, and the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  The FTCA claim against Defendant **MOONEY** is **DISMISSED** with prejudice for failure to state a claim for relief against this defendant.

Plaintiff may file a First Amended Complaint in this case by **December 17, 2021**, if he wishes to re-plead his claim herein.  Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  The First Amended Complaint must stand on its own, without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  Generally, an amended complaint supersedes and replaces the original complaint and renders the original void.  *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  As a *pro se* litigant, Plaintiff will be afforded some latitude in this regard.  *Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018); *Miller v. Larson*, No. 18-2347, 2018 WL

6584907, at *1 (7th Cir. Dec. 14, 2018).  The amended complaint is subject to review under 28 U.S.C. § 1915(e)(2).  No service shall be ordered until review is completed.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 11/18/2021**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**U.S. District Judge**